**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

                Plaintiff,           **MEMORANDUM OPINION
AND ORDER**
v.          Criminal No. 08-92 ADM/SRN
         Civil No. 09-3286 ADM

George Edward Dixon,

                Defendant.

_____

George Edward Dixon, pro se.

David P. Steinkamp, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant George Edward Dixon's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 27],[1] and his Motion for Summary Judgment [Docket No. 30], which relates to his underlying Motion for habeas relief. Defendant's § 2255 Motion and Motion for Summary Judgment are denied.

## II. BACKGROUND

In March 2008, a federal grand jury returned an Indictment [Docket No. 1] charging Defendant with distribution of fifty grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On June 25, 2008, Defendant entered into a Plea Agreement ("Plea Agreement") [Docket No. 16], in which he pleaded guilty to the indictment charge. Plea Agreement ¶ 1.

---

[1] Unless otherwise specified, all docket references are to Criminal No. 08-92 ADM/SRN.

The factual basis for the plea was that Defendant distributed approximately fifty grams of crack cocaine on or about February 11, 2008. Id. Defendant stipulated to additional drug transactions resulting in sales of more than 150 grams of crack cocaine, but not more than 500 grams of crack cocaine. The plea agreement states "the relevant conduct for the offense of conviction includes distribution of more than one-hundred fifty (150) but less than five-hundred (500) grams of crack cocaine," corresponding to an offense level of thirty-two. Id. ¶ 5. The agreement provided that Defendant was entitled to a three-level reduction for acceptance of responsibility and that his criminal history was either a Category IV or Category V, giving rise to a sentencing guidelines range of either 121 to 151 months or 140 to 175 months. Id. ¶¶ 8-10. Defendant waived the right to contest his sentence on any ground if the Court sentenced him at or below 121 months. Id. ¶ 17.

At sentencing on November 19, 2008, the Court determined Defendant's offense level to be twenty-nine, his criminal history category to be a Category IV, and his sentencing guideline range to be 121 to 151 months. The Government filed a motion for downward departure under § 5K1.1 of the United States Sentencing Commission Guidelines based on Defendant's substantial assistance. Defendant was granted a substantial assistance downward departure by his sentence of 40 months' imprisonment.

### III. DISCUSSION

**A.      Standard of Review**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to

an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Here, the record conclusively shows that Defendant is not entitled to relief on his claims.

**B.      Plea Agreement Waiver**

As an initial matter, the Government argues Defendant waived in his Plea Agreement the right to seek relief under § 2255. The waiver provision states that "in the event the court accepts the plea agreement and sentences the defendant at or below 121 months imprisonment, the defendant waives his right to appeal or contest, directly or collaterally, the sentence on any ground." Plea Agreement ¶ 17. The Eighth Circuit has held that knowing, voluntary waivers in plea agreements are generally enforceable. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). But "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." Id. at 924. Accordingly, "when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver," a court will not dismiss the § 2255 motion on the basis of the plea agreement waiver. Id.

In his § 2255 Motion, Defendant states that he is presenting the following question for review: "Did the Counsel become ineffective during the plea phase . . . ?" Mot. to Vacate at 1.

Defendant seems to allege that his counsel became ineffective by advising him to plead guilty to an offense greater than the factual basis in the Plea Agreement supports. A liberal construction of Defendant's § 2255 Motion suggests a claim of ineffective assistance of counsel relating to the decision to enter into the Plea Agreement. See Hill v. Wyrick, 570 F.2d 748, 751 (8th Cir. 1978) (courts give liberal constructions to filings by pro se litigants). Accordingly, the Court will reach the merits of the claims in the § 2255 motion, despite the waiver in the Plea Agreement.

**C.    Ineffective Assistance**

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Defendant maintains that he should have been convicted of the lesser offense of distribution of more than five, but fewer than fifty, grams of crack cocaine under 21 U.S.C. § 841(b)(1)(B)(iii) rather than distribution of fifty grams or more of cocaine under 21 U.S.C. § 841(b)(1)(A)(iii). In support of his argument, Defendant emphasizes that the factual basis of the Plea Agreement states that he distributed *approximately* fifty grams of crack cocaine. He concludes that the factual basis in the Plea Agreement fails to establish that he actually distributed "fifty grams or more" of crack cocaine, as necessary under § 841(b)(1)(A)(iii), and his attorney was therefore ineffective in advising him to plead guilty to that offense.

Contrary to Defendant's suggestion, the word "approximately" in the Plea Agreement does not render the factual basis for Defendant's guilty plea under § 841(b)(1)(A)(iii) inadequate. Cf. United States v. Vera, 894 F.2d 410, 1990 WL 4727, at *1 (9th Cir. 1990) (rejecting the argument that "the phrase 'approximately five kilograms' was vague and ambiguous and, therefore, insufficient to provide . . . adequate notice of the Government's intention to seek application of the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(ii)"); United States v. Almanzar, Nos. 90 Cr. 302, 95 Civ. 3234, 1996 WL 46897, at *1 (S.D.N.Y. Feb. 6, 1996) (rejecting a claim that defense counsel was ineffective for failing to object to the sufficiency of the indictment on the ground that the phrase "approximately 5000 grams" was vague and failed to provide sufficient notice of the ten-year mandatory minimum prison term provided by § 841(b)(1)(A)). The entirety of the Plea Agreement makes abundantly clear the quantity of crack cocaine Defendant agreed he had distributed exceeded fifty grams. For example, the parties agreed that "[t]he defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Distribution of *more* than fifty grams of cocaine base (crack) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)." Plea Agreement ¶ 1 (emphasis added). Additionally, the Plea Agreement specifies that "the relevant conduct for the offense of conviction includes the distribution of more than one-hundred fifty (150) but less than five-hundred (500) grams of crack cocaine." Id. ¶ 5.

The terms of the Plea Agreement reflect the parties' understanding and agreement that Defendant distributed fifty grams or more of crack cocaine. It was not objectively unreasonable for Defendant's counsel to advise Defendant to plead guilty to the offense under §

841(b)(1)(B)(iii) when the Plea Agreement used the phrase "approximately 50 grams." Thus, Defendant's claim of ineffective assistance of counsel fails.

**D.      Rule 35(b)**

A motion under Federal Rule of Criminal Procedure 35(b), "which the government can make only after imposition of the sentence, seeks a reduction based on 'a defendant's subsequent, substantial assistance in the investigation or prosecution of another.'" White v. United States, 998 F.2d 572, 574 (8th Cir. 1993) (quoting Fed. R. Crim. P. 35(b)). In analyzing the application of Rule 35(b), the Eighth Circuit "rel[ies] upon cases decided under § 5K1.1 of the United States Sentencing Commission Guidelines Manual (Substantial Assistance to Authorities) and 18 U.S.C. § 3553(e) (Limited Authority to Impose a Sentence Below a Statutory Minimum)." United States v. Marks, 244 F.3d 971, 973 n.1 (8th Cir. 2001).

The Supreme Court has held that the language of § 3553(e) and § 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). Only an unambiguous, unconditional promise to file a downward departure motion is binding on the government. United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997) (citing United States v. Coleman, 895 F.2d 501, 506 (8th Cir.1990)). "If such a promise was part of the inducement or consideration underlying a guilty plea, its breach will entitle defendant to relief." Id.

Defendant asserts that "[t]he government in this case failed to give the petitioner a sentence reduction, after the petitioner provided substantial assistance." Mot. to Vacate at 3. Defendant asserts his substantial assistance was notifying an officer in charge of a murder investigation of a statement by a fellow inmate about the crime. Id., Ex. A. The investigator

6

recorded Defendant's statement and, according to Defendant, sent a letter to the federal public defender assigned to Defendant's case.² Id. Defendant alleges that "[t]he letter stated that The County of Anoka would like to thank [him] for the cooperation in this case and that they would like to work with federal officials to see if there was any way based on the information [he] gave in this case that they could help shorten [his] federal sentence." Id.

Defendant's account fails to show that he was given an unambiguous, unconditional promise that a Rule 35(b) motion would be filed. Assuming that events transpired as Defendant claims they did and that the letter from Anoka County said what Defendant claims it said, Anoka County officials wished to determine *if* there was a way they could shorten Defendant's federal sentence. No definitive promise was made to Defendant. Furthermore, a promise to file a substantial assistance motion is binding on the government when the promise induces a defendant to take action. United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997). In this case, Defendant explains that Anoka County sent a letter thanking him for his cooperation and raising the issue of a possible sentence reduction only after Defendant had made a recorded statement. Defendant does not claim that the assistance he offered in the state court murder case was induced by a promise (much less a promise from a federal prosecutor who has the only authority to file a Rule 35(b) motion).

Defendant cites Santobello v. New York, 404 U.S. 257 (1971), for the proposition that "[t]he government is obligated to comply with the plea agreement." Mot. to Vacate at 3.

---

² Defendant provided substantial assistance to the Government on a separate, unrelated matter before he was sentenced. Based on that substantial assistance, the Government filed a 5K1.1 motion for downward departure, which the Court granted at his sentencing hearing. Defendant's instant claim that the Government failed to file a Rule 35(b) motion relates only to the information he provided on the state court murder case.

7

Defendant's reliance on Santobello is misplaced. There, the court held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262. Defendant rendered assistance after he entered into the Plea Agreement—in fact, after he was sentenced. The Plea Agreement here did not include a promise by the Government to file a 35(b) motion after sentencing.[3]

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Defendant's petition would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[3] Even absent an unconditional promise by the government to file a Rule 35(b) motion, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," such as race or religion. Wade v. United States, 504 U.S. 181, 185, (1992). There is no allegation of any unconstitutional motive here.

1.  Defendant George Edward Dixon's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 27] is **DENIED**; and

2.  Defendant George Edward Dixon's Motion for Summary Judgment [Docket No. 30] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 2, 2010.