UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

George Edward Dixon,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 08-92 ADM/SRN

---

David P. Steinkamp, Esq., Assistant United States Attorney, Minneapolis, MN on behalf of Plaintiff.

George Edward Dixon, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant George Edward Dixon's ("Dixon") Pro Se Motion for the Return of Seized Property Pursuant to Federal Rules of Criminal Procedure 41(g) [Docket No. 35] (the "41(g) Motion"), and the Government's Motion to Dismiss Motion of Defendant to Return Property Pursuant to Federal Rule of Criminal Procedure 41(g) [Docket No. 38] (the "Motion to Dismiss").  For the reasons set forth below, the Motion to Dismiss is denied and the 41(g) Motion is denied.

## II.  BACKGROUND

On March 20, 2008, Dixon was indicted for one count of knowingly and intentionally distributing fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  The Indictment [Docket No. 1] included forfeiture allegations stating that Dixon would forfeit any interest in U.S. currency or other property constituting proceeds of the offense or used to commit or facilitate the offense.

On June 25, 2008, Dixon pled guilty to the single count in the Indictment. On November 19, 2008, Dixon was sentenced to forty months' imprisonment followed by five years supervised release and a $100 special assessment. Sentencing Judgment [Docket No. 26].

On January 28, 2011, Dixon moved this Court for return of $1,875.00 in U.S. currency that was in his possession and seized at the time of his arrest. The Government responded with the Motion to Dismiss, with supporting documents reflecting that the Hennepin County Sheriff's Office returned $495 to Dixon, but the remaining $1,380.00 was retained because the serial numbers of the currency matched the serial numbers of the money used to conduct the controlled buy of cocaine base that constituted the offense for which he was prosecuted. Garlie Aff. [Docket No. 38-1] ¶¶ 1-7. By Order dated February 8, 2011 [Docket No. 37], Dixon was given until April 1, 2011, to respond to the Government's motion but he did not do so.

### III. DISCUSSION

Rule 41 of the Federal Rules of Criminal Procedure allows a person aggrieved by the deprivation of property to move for its return. Fed. R. Crim. P. 41(g). "The movant must establish lawful entitlement to the property." Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008). To defeat the motion, the Government "must then establish a legitimate reason to retain the property." Id. at 397. Generally, this is done by showing (1) the defendant is not entitled to lawful possession of the seized property, (2) the property is contraband or subject to forfeiture, or (3) the government's need for the property as evidence continues. United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (citing United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).

The Government has presented evidence that it returned $495 of the seized money to

Dixon, and therefore the motion is moot with respect to the returned portion of money.  With respect to the remaining $1,380, with recorded serial numbers, the affidavit presented by the Government definitively states that the money was "buy money" and used in the commission of a crime.  Dixon presented no evidence or arguments to the contrary despite being given an opportunity to respond.  As such, Dixon is not lawfully entitled to its possession.  Therefore, his 41(g) motion is denied.  In light of that denial, the Government's Motion to Dismiss is denied as moot.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The Government's Motion to Dismiss Motion of Defendant to Return Property Pursuant to Federal Rule of Criminal Procedure 41(g) [Docket No. 38] is **DENIED**;

2.  Dixon's Pro Se Motion for the Return of Seized Property Pursuant to Federal Rules of Criminal Procedure 41(g) [Docket No. 35] is **DENIED**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 9, 2011.