UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.                             **ORDER**
                                    Criminal No. 08-92 ADM/SRN

George Edward Dixon,

        Defendant.

_____

Andrew S. Dunne, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

George Edward Dixon, pro se.
_____

## I. INTRODUCTION

George Edward Dixon ("Dixon") has filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 40] ("Motion"). The Government has filed a Response to Defendant's Motion For Sentence Reduction under 18 U.S.C. § 3582(c)(2) [Docket No. 43] ("Response"). For the reasons set forth below, Dixon's Motion is granted.

## II. BACKGROUND

On June 25, 2008, Dixon pled guilty to distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Plea Agreement [Docket No. 16]. Dixon was subject to a 120-month mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A). The Government, however, filed a motion for downward departure under § 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G.") based on Dixon's substantial assistance. Order on Mot. to Vacate [Docket No. 31] 2. At sentencing on November 19, 2008, the Court determined Defendant's offense level to be twenty-nine, his criminal history category to be a Category IV,

and his sentencing guideline range to be 121 to 151 months. Order on Mot. to Vacate 2. Based on the downward departure, Dixon was sentenced to a term of imprisonment of 40 months, followed by a five-year term of supervised release. Sentencing Judgment [Docket No. 26].

On October 21, 2010, the U.S. Sentencing Commission lowered the offense levels for cocaine base offenses stated in U.S.S.G. § 2D1.1. As of November 1, 2011, this sentence reduction was made to apply retroactively. On January 6, 2012, this Court received Dixon's Motion requesting the retroactive reduction of his cocaine base sentence.

### III.  DISCUSSION

Under U.S.S.G. §1B1.10, a court has discretion to reduce a defendant's sentence as a result of an amended guideline range. In considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), courts must determine the following: (1) the amended guideline range and what sentence would have been given if the amended guideline had applied at the time of original sentencing; and (2) whether to exercise its discretion to reduce the sentence, as adjudged by the factors in 18 U.S.C. § 3583(a). United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001). Furthermore, where a defendant previously received a downward departure for "substantial assistance" at the time of the original sentencing, he is eligible to receive a reduction comparably less than the amended guideline range of imprisonment. See U.S.S.G. § 1B1.10(a)(2)(B). When a statutory minimum exceeds the amended guideline range, the statutory sentence "shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Therefore, where a statutory minimum is effectively the guideline sentence, any commensurate reduction must be based on the statutory minimum. United States v. Johnson, 517 F.3d 1020, 1023–24 (8th Cir. 2008).

The parties stipulated in the Plea Agreement that Dixon should be held accountable for between 150 grams and 500 grams of cocaine base.  Plea Agreement.  At the time of sentencing, those general findings were adopted by this Court.  See Ord. on Mot. to Vacate 2.  Under the amended guidelines, 150 to 280 grams of cocaine base would warrant guideline range of 120–150 months.  Additionally, the minimum sentence mandated by statute would be 120 months.  See 18 U.S.C. § 841(a)(1).  For the purposes of this motion, this Court finds that the amount of crack cocaine originally at issue was 280 grams or less, thereby yielding a minimum recommended sentence of 120 months – one month less than the 2008 minimum guideline.

At the time of sentencing, the 40 months that Dixon received pursuant to the Government's motion under U.S.S.G. § 5K1.1 represented a 67% downward departure from the advisory guideline minimum of 121 months.  Based on the totality of the factors, this Court finds that Dixon is eligible for a commensurate departure from the 120-month statutory minimum under the amended guidelines.  Applying a commensurate reduction of 67% to the statutory minimum of 120 months yields a sentence of 39.6 months.  Accordingly, this Court grants Dixon's Motion and reduces his sentence to 39.6 months of imprisonment.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) [Docket No. 40] is **GRANTED** as follows:

1.      The Defendant's sentence is reduced to 39.6 months; and

2. All other conditions, including the five-year term of supervised release, shall remain in effect.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 19, 2012.